UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRUCE ANTHONY MCPHERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WILLIAM BARR,<br><br>　　　　Defendant. | No. 2:20-cv-1206-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis ("IFP"). ECF No. 2. For the reasons stated hereafter, the IFP application is granted but the complaint must be dismissed without leave to amend.

Application to Proceed in Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content

1  that allows the court to draw the reasonable inference that the defendant is liable for the
2  misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556).  In reviewing a complaint
3  under this standard, the court must accept as true the allegations of the complaint in question,
4  *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading
5  in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v.*
6  *McKeithen*, 395 U.S. 411, 421 (1969).

## Screening Order

8  Plaintiff's complaint alleges that since the year he was born – 1986 – the government,
9  through "deceit, manipulation, and neglect," has poisoned the water with fluoride.  ECF No. 1 at
10 3.  He claims this was done to "ruin [his] liberty" and has resulted in a mental disorder and
11 anxiety.  *Id.*  As relief, he seeks $50,000,000.  *Id.* at 6.
12 The Supreme Court has held that a claim is frivolous "when the facts alleged arise to the
13 level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts
14 available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Neitzke v.*
15 *Williams*, 490 U.S. 319, 325 (1989) (holding that "§ 1915(d)'s term 'frivolous,' when applied to a
16 complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual
17 allegation.").  Plaintiff's claim that the government has intentionally "poisoned" his water with
18 fluoride for 34 years (since he was born), in order to restrict his liberty, appears to be fanciful,
19 thus lacking an arguable basis in fact.  As a result, the complaint should be dismissed as frivolous
20 and without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) ("When
21 a case may be classified as frivolous or malicious, there is, by definition, no merit to the
22 underlying action and so no reason to grant leave to amend.").

## Conclusion

24 Accordingly, it is ORDERED that:
25 1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
26 2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in
27 accordance with the notice to the California Department of Corrections and Rehabilitation filed
28 concurrently herewith; and

3. The Clerk of the Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that plaintiff's complaint (ECF No. 1) be DISMISSED without leave to amend as frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 18, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE